## EMBREE & PASCHAL v. NORRIS & KEITH, SURVIVING PARTNERS.

1. The condition of a bail bond for the appearance of the defendants in the original cause, at the return term, for their attendance from term to term, until discharged, is sufficient under the statutes of this State, to charge the obligees as special bail.

2. It is not a sufficient assignment of the breach of a bond for special bail " that the defendants have failed to deliver their bodies to said Circuit Court, or to the sheriff of said county, and their said securities to said bond having also failed to deliver the bodies of said defendants, to said Court, or to the sheriff of said county, or otherwise to discharge said bond, whereby," &c. without also alledging that the defendants have not satisfied the condemnation of the Court.

Error to the Circuit Court of Coosa county.

THE defendants in error brought suit against the plaintiffs in error, by *sci fa.* as the bail of J. F. and M. H. Johns. The condition of the bail bond, as set out in the *scire facias*, is as follows:

" The condition of the above bond and obligation is such, that if the above bound J. F. Johns and M. H. Johns will make their personal appearance before the Honorable the Judge of the Circuit Court, at a Court to be holden at the Court-house in the county of Coosa, at Rockford, on the fourth Monday of this instant, and will attend from day to day and from time to time thereafter, until discharged by due course of law, then and there to answer John B. Norris and Charles Keith, surviving partners of Norris, Crane, and Keith, in a plea of trespass on the case, viz: two thousand and twenty-one dollars thirty-one cents, Mobile, January 23, 1837.— Twelve months after date, Norris, Crane, & Keith or bearer, two thousand and twenty-one dollars thirty-one cents for value received, negotiable and payable at the Branch of the Bank at the State of Alabama, at Mobile."

Signed,        J. F. & M. H. JOHNS.

The above is a copy of the case. Now if the above bound John's will attend the said Court, and abide the decision of the said Court; then, and in that case the bond and obligation to be void, else to remain in full force and virtue.

The breach of the bond set out in the *scire facias* is as follows: "And whereas said defendants, James T. Johns and Micah H. Johns, have failed to deliver their bodies to said Circuit Court or sheriff of said county, and their said securities in said bond, having also failed to deliver the bodies of said defendants to said Court, or to the sheriff of said county, or otherwise discharged said bond; whereby said bond has become forfeited; by means whereof, and by force of the statute in such cases made and provided, said securities in said bond have become liable to pay to said plaintiffs, Norris and Keith in said judgment, the sum of two thousand one hundred and twenty-nine dollars eleven cents, damages recovered by said plaintiffs of said defendants. These are therefore," &c. &c.

To the *scire facias*, there was a demurrer which was overruled; and the following pleas pleaded:

1st. *Nul tiel* record.

2nd. The defendants craved oyer of the bond, and pleaded performance.

3rd. That there was no affidavit as required by the statute, before the issuing of a bail writ. Upon these pleas issue being joined, the jury found for the plaintiffs on which judgment was rendered.

A bill of exceptions was taken to the opinion of the Court, which, from the view taken of the case by the Court, it is unnecessary to set out.

The errors relied on in argument were—the insufficiency of the bail bond, and the want of a sufficient breach in the *scire facias*.

PECK, for plaintiff in error, cited 2 Blackstone Com. 20 Appendix; 2 Dunlap's Practice, 1081; 2 Tidd's Practice, 996; 1 Bac. Ab. title bail, letter D.

PRYOR, contra.

ORMOND, J.—By the common law, the sheriff was bound to produce the body of the defendant in Court, at the return of the writ, and was not bound to take bail for the appearance of the party, unless he sued out a writ of mainprize, though he might do so, if he thought proper. But this giving rise to ex-

tortion and oppression, the statute of 23rd, Henry 6th, was passed by, the 10th section of which, the sheriff was required to let out of prison all persons in custody, of any writ, bill, or warrant, upon reasonable sureties of sufficient persons, upon condition, "that the person shall appear at the day and place contained in the writ, bill, or warrant."

The defendant being thus at large, it was his duty to appear at the return of the writ, and put in bail to the action, or special bail, as it was called, which was a recognizance entered into, before the Court or one of the judges, by which the bail undertook that, if the defendant was convicted, he would satisfy the plaintiff, or surrender himself into custody.

This was substantially adopted by the Legislature of the Mississippi Territory in 1807, by which the sheriff was required " to take a bail bond, with sufficient security, in the penalty of double the amount of the sum, for which bail is required in the endorsement on the writ." The condition of the bond thus to be taken, is not given by the law, but that it was merely intended to secure the appearance of the party, is evident from other parts of the same statute. By the 6th section of the same act, it was provided that, when *special bail* is required, the defendant may go before any of the Territorial Judges, or any justice of the peace, and with his securities enter into a recognizance of special bail, the form of which is provided in the statute.

By the 4th section of the same act, it was enacted that, when the defendant was committed to prison for want of bail, " that the plaintiff may enter an *appearance* for the defendant, and proceed to judgment as in other cases." It is therefore manifest, that the Legislature considered the bail which the sheriff was required to take, was common or appearance bail, in contra-distinction to special bail, and although the condition is not stated in the statute, it cannot be required to be greater than the exigency of the case—the appearance of the party.

The difficulty is created by the 7th section of the same law, which declares that " all bail taken by virtue of this act, shall be deemed, held, and taken as special bail, and as such be liable to the recovery of the plaintiff;" but as the bail here referred to, was evidently mere appearance bail, we do not think it

reasonable, that the legislature intended any alteration of the condition of the bond, they had previously required to be given for the appearance of the party ; but merely intended to supersede the necessity of requiring special bail, which imposed the necessity of entering into a recognizance, by declaring that the bail bond, for the appearance of the party should have all the effect in law, of a recognizance of special bail.

It follows from this, that a bail bond executed in the usual form, for the appearance of the party, is by operation of law bail to the action, and subjects the sureties to the responsibilities of special bail.    The condition of the bail bond in this case, which is for the appearance of the defendants in the original cause, at the return term, and for their attendance from term to term, until discharged by due course of law, is sufficient.

The breach of the bond, as recited in the *scire facias* is, " that the defendants have failed to deliver their bodies to said Circuit Court, or to the sheriff of said county, and their said securities in said bond having also failed to deliver the bodies of said defendants to said Court, or to the sheriff of said county, or otherwise to discharge said bond whereby," &c.

The undertaking of special bail, which as has been shown, is the legal effect of this bond, is that, if the defendant is cast in the action, he, the defendant, will pay and satisfy the condemnation of the Court, or surrender his body, or that the bail will do it for him ; and the breach assigned must be as broad, as the undertaking of the bail.    Here it is not alledged that the defendants have not satisfied the condemnation of the Court ; it does not therefore appear that there has been any breach of the condition, from which alone the liability of the bail could arise.    The general allegation " or otherwise discharge said bond" might be sufficient after verdict but cannot be deemed sufficient on demurrer.

The judgment must therefore for this cause be reversed, and the cause remanded.