## WILLIAM HASCALL AND ROLAND H. GERRY *versus* JOEL WHITMORE.

The purchaser of a note voidable for want of consideration as against the maker, from an innocent indorser without notice, is entitled to recover, though he purchased with a full knowledge of such want of consideration.

Purchasing from one who had no notice, he must be considered to be in the same situation and as entitled to the same protection as his vendor.

ASSUMPSIT on a note of hand dated June 30th, 1835, for $400, signed by the defendant and payable to one Sumner Stone or order, on or before the 30th of June, 1839, and endorsed by said Stone in blank.

The plaintiffs were not partners, but each separately and at different times purchased one half of the note declared on.

It appeared in evidence in the defence, that Daniel Brown, Sumner Stone and one Springer had verbally agreed to purchase a tract of timber land and mills in the town of Livermore, of one Brittun, for thirty thousand dollars, and were to complete the bargain on the 30th June, 1835; that the defendant and they verbally agreed that he, the defendant, might have one quarter part of the purchase upon his paying Brown $500 and the said Stone $400; which sums were to be paid only in case a profit should be made upon the purchase, out of which they were to be paid — and the defendant was to give them a written contract to that effect — that on the 30th June, 1835, they did complete the purchase and took a deed of said Brittun — the defendant a deed of his quarter and paying his proportion of the cash payment and securing the remainder — that no written agreement was then made to pay the sums of $500, and of $400, before stated, that subsequently, Brown, Stone, and the defendant were together, and it was proposed that instead of reducing to writing the agreement before mentioned relating to those several sums, that the defendant should give said Brown a note for $500, and said Stone a note for $400, to which the defendant consented upon their severally agreeing that they would not part with the notes until it should be ascertained that a profit had been made on the purchase — and the note in suit was one of the notes so given — and that no profit whatever had been made, but on the contrary that they had sustained a great loss. To all this evidence the counsel for the plaintiff objected.

It further appeared that before Gerry, one of the plaintiffs, purchased his interest in the note, he was informed of these facts.

David Andrews, called by the plaintiffs, testified that he purchased the note, the last of Dec, 1835, or the 1st Jan. 1836, of Stone, and paid for the same, after deducting a discount of $17,00, and that at the time of the purchase, he knew nothing of the circumstances under or the consideration for which it was given. In June, 1836, the defendant, upon his informing him that he held the note, stated to him all the circumstances

under which the note was given — and informed him that he should not pay the note, as no profit was made — that he subsequently to this sold half of this note to the plaintiff, Hascall, and at a discount of twelve per cent., and the other half to Libbeus Carswell in part payment of a farm purchased of him — that he did not inform Hascall or Carswell of the facts relating to the note, which had been communicated to him by the defendant — and that the notes were not indorsed by him nor was he in any way to be accountable for their payment. This testimony was all received subject to objection.

The part of the note owned by Carswell was sold to one Burnham, from whom it passed to the plaintiff, Gerry, in payment of a debt due from Burnham to Gerry.

These facts having been proved on the trial before SHEPLEY J. the case was then taken by consent of parties from the jury and submitted to the Court. 'If the plaintiffs, on this testimony or on so much of it as may be legally admissible, are entitled to recover the whole or half of the note, the defendant is to be defaulted and judgment to be rendered for such sum as they are entitled to recover — if they are not so entitled to recover the plaintiffs are to become nonsuit. If the testimony of Andrews is to be excluded, because interested, the plaintiffs are to have a new trial, if entitled to recover on the same facts when legally proved. If the plaintiffs are not entitled to recover, but Hascall could recover, but one half of the note in a suit in his own name only, judgment is to be rendered in this suit for such half without costs and without impairing defendant's title to costs.

*W. P. Fessenden,* for the plaintiff, argued that the testimony offered by the defendant, was of a contract made previously to the giving of this note and that it was inadmissible. *Wood-bridge* v. *Spooner,* 1 Chitty, 661 ; *Mosely* v. *Hanford,* 10 B. & C. 729. The written argreement or note is the consummation of the contract — and no evidence is received to vary or affect it by proof of previous and different stipulations or agreements. The contract ultimately signed, is either a variation from or a consummation of the original bargain ; if it is the bargain originally made, no proof is needed ; if it varies

from such original bargain, then the reason of the rule particularly applies to such a case — that a written contract shall not be varied by parol evidence — and whether such evidence be of facts anterior to the giving of the note or not is immaterial.

But if the evidence were admissible, it would form no defence in the hands of the present holders of the note. Andrews was an innocent indorser, and as such entitled to recover. The moment Andrews received the note without notice, the equities of the maker, as against the original payee, ceased. *Trull* v. *Bigelow*, 16 Mass. R. 406. Once ceasing, they can never after be revived. Andrews, having a perfect title, could transfer one — if it were not so, his rights would be restricted. *Smith* v. *Hiscock*, 14 Maine R. 449; *Brown* v. *Mott*, 7 Johns. 361. If the defendant shows there was no consideration for the note, the plaintiff can recover if he or some previous indorser gave value for it. *Thomas* v. *Newton*, 2 C. & P. 606; *Wheeler* v. *Guild*, 20 Pick. 552. Here a full consideration was paid by Andrews.

*Fox*, for the defendant, contended, that testimony was legally admissible to show the original consideration of the note. When one note is substituted for another, or for a previous contract, the new note shares the same fate as the original, for which it was substituted. *Hill* v. *Buckminster*, 5 Pick. 391. The note is void, because given for non-existent profits, or as a substitute for a verbal agreement relating to real estate, which is void by the statute of Frauds. Gerry took the note with notice, and notice to one is notice to both plaintiffs. Chitty on Bills, 8th ed. 82. The note is not negotiable as to all taking it with notice. Chitty, 79; *Aldrich* v. *Warren*, 16 Maine R. 465.

The plaintiffs, to recover, must show affirmatively that they took the note *bona fide*. *Reed* v. *Hutchinson*, 3 Camp. 352.

The opinion of the Court was delivered by

Shepley J. — The plaintiffs are joint owners of a negotiable promissory note purchased before it became payable. One of

them is a holder for value without notice; the other with notice, but deriving his title through others who were *bona fide* holders without notice. . As between the original parties the note may be regarded as made without consideration. Andrews, who was the first and an innocent indorsee for value, did not endorse it, when he disposed of it, and he was properly admitted as a witness. *Whitaker* v. *Brown*, 8 Wend. 490. He could have collected it, for the want of consideration could not be set up against him. A knowledge of the facts acquired afterward would not affect his rights. He had not only a legal right to hold and collect it, but to negotiate it. And the maker could not impair that right by giving notice, that it was made without consideration. Nor would he be injured by a transfer to one having a full knowledge of the facts; for his position would not be more unfavorable than before.

Bayley states, that the want of consideration cannot be insisted upon "if the plaintiff, or any intermediate party between him and the defendant, took the bill or note *bona fide* and upon a valuable consideration." Bayley, 550, ed. by Phillips & Sewall.

The case of *Thomas* v. *Newton*, 2. C. & P. 606, was assumpsit on a bill drawn by Wilson on the defendant and accepted, and by him endorsed to Dandridge and by him to the plaintiff. The defence was a want of consideration. Lord Tenterden says, "if the defendant shews, that there was originally no consideration for the bill, that throws it on the plaintiff to shew that he gave value for it, or that value was given for it by Dandridge; for if either the plaintiff or Dandridge gave value for it, the plaintiff may recover; otherwise the defendant is entitled to recover."

In *Solomons* v. *The Bank of England*, 13 East, 135, note (b), it appeared, that the bank note had been obtained fraudulently from Batson & Co., who informed the bank of it. The plaintiff as holder claimed payment of the bank, and it was refused. He had received the bill of Hendricks & Co.; and it did not appear, that he paid value for it before notice. Lord Kenyon says, "upon this evidence I think Solomons must be considered to be in the same situation as Hendricks

& Co." But as it did not appear, that they were holders for value without notice, the plaintiff did not recover.

In *Smith* v. *Hiscock*, 14 Maine R. 449, where a negotiable promissory note had been indorsed *bona fide* and for value before it was payable, the C. J. says, "the want of consideration is not an available defence against a subsequent holder, to whom it may have been passed after it was due. The promise is good to the first indorsee free from that objection; and the power of transferring it to others with the same immunity is incident to the legal right which he had acquired in the instrument. By the first negotiation the want of consideration between the original parties ceases as a valid ground of defence."

If the relations between the maker and holder only were to be considered, the want of consideration would be a good defence against one, who did not purchase for value, or who did so after it was once due. And yet it has been decided, that one so situated may avoid that defence by shewing, that it could not have been interposed against a prior holder. The same principle appears to be equally applicable to a holder who has purchased with notice. If the relations between himself and the maker only were to be considered he could not recover. But purchasing of one who had no notice he must be considered to be in the same situation and as entitled to the same protection.

> *Defendant defaulted and judgment*
> *for amount due on the note.*