# WALKER v. MASSEY.

1. The act of 1839, which directs that no judgment shall be rendered at the appearance term, in any suit for the purpose of collecting money, was intended to affect suits only in which previously a judgment final by default might have been taken, unless a defence was interposed; and therefore suits commenced by *sci. fa.* are not controlled by it.

2. The statement in the order for bail indorsed by the clerk on the writ or the affidavit, when set out in the *sci. fa.* against bail, will not warrant the court in declaring the affidavit defective, as a mistake in the statement will not avail the defendant, or prejudice the plaintiff.

3. A bail bond, with the condition that the principal shall appear at the court indicated by the writ, and answer the plaintiff, is good, although it contains no recital that the party was arrested.

4. When all the proceedings against the principal are set out in the *sci. fa.* against the bail, and the bond is executed to the sheriff, as sheriff, conditioned as a bail bond, this is sufficient to warrant a judgment by default, although no declaration is filed.

Writ of Error to the Circuit Court of Perry.

SCI. FA. by Massey against the Walkers, as the bail of one David Walker. The *sci. fa.* issued on the 20th February, 1845, and the defendants not appearing, a judgment was rendered against them at the appearance term, for the amount of the judgment against their principal, without interest. All the proceedings in the suit against the principal, are recited in the *sci. fa.* and such parts as are covered by the assignments of error will be stated.

1. The affidavit for bail is not set out, but in the order for bail indorsed by the clerk on the writ, it is stated, the plaintiff "made oath that the defendant is about to abscond from the county, and has fraudulently conveyed, or is about fraudulently conveying away his property, for the purpose of avoiding the payment of the debt, which is the cause of action." Then follows the order to hold the defendant to bail in double the amount of the debt, upon which the action is founded; and

that, from another indorsement, appears to have been a due bill for $375.

2. The bail bond is in the penal sum of $790, and is payable to Job M. Williams, sheriff of the county of Perry, State of Alabama. The condition contains no recitals whatever, but proceeds, "if the above bound David Walker do appear before the Judge of the Circuit Court for the county of Perry, on, (setting out the term of the court,) to answer George P. Massey, in a plea of trespass on the case, &c. then this bond to be void, otherwise," &c.

This bond is assigned to the plaintiff by Job M. Williams, sheriff of the county of Perry, to be sued for according to the statute in such case made and provided. This bond, as alledged in the *sci. fa.*, was returned with the writ, on which is the return of executed, signed by Job M. Williams, sheriff.

3. The *ca. sa.* against the principal was issued 1st December, 1844, and returned *non est* on the 18th February, 1845.

The defendants to the *sci. fa.* prosecute the writ of error, and here assign that the court erred—

1. In rendering final judgment at the appearance term.

2. In rendering judgment upon the case made by the plaintiff—1. Because no sufficient affidavit was made authorizing bail process. 2. Because the bond is void as not conforming to the statute, and because it does not show the authority of the sheriff to require it.

3. Because the bond does not authorize the remedy by *sci. fa.*

4. Because no declaration was filed.

5. Because the *sci. fa.* issued before the return day of the *ca. sa.*

6. Because the proceedings do not warrant a judgment against the defendants.

A. J. WALKER and T. D. CLARKE, for the plaintiff in error, made the following points :

1. The judgment was premature. The statute provides that no judgment shall be given at the appearance term, in

any suit for the purpose of collecting money. [Digest, 334, § 115.]

2. The affidavit made by the plaintiff is a nullity, as it embraces every ground but one known to the statute, and is, moreover, in the alternative. [Wade v. Judge, 5 Ala. Rep. 130.]

3. To warrant a *sci. fa.* the bond must be a statutory bond. The condition required by the statute is, that if the debtor shall be cast in the action, he shall pay and satisfy the condemnation of the court, or surrender his body in custody, or that his bail will do it for him. [Dig. 73, § 14.] The requisitions of the statute must be strictly complied with to make a bond operative. [Toulmin v. Bennett, 3 S. & P. 225; Allen v. White, Minor, 289; Barkel v. Scott, 5 Litt. 208; 8 John. 98; Churchill v. Perkins, 5 Mass. 542; McKee v. Stanard, 14 S. & R. 380; Bacon v. Holmes, 13 Ib. 190; Hutton v. Holmes, 5 Watts, 346: Sullivan v. Alexander, 19 John. 233; Thompson v. Lockwood, 15 Ib. 256; O'Brien v. Lewis, 8 Ala. Rep. 664; 5 Dane 452; 7 Monroe, 130: 15 Vern. 502; 2 Strange, 993: 14 Vern. 306; 2 Mass. 481; 13 Ib. 93; Towns v. Moore, 1 Ala. Rep. N. S. 136; Ancrim v. Sloan, 1 Rich. 421; 8 Porter, 551.]

H. DAVIS, for the defendant.

GOLDTHWAITE, J.—1. It is true the act of 1839, directs that no judgment shall be rendered at the appearance term in any suit for the purpose of collecting money, except by the consent of parties, although the defendant therein may fail to plead or enter an appearance. [Dig. 334, § 115.] We think this act has no application to those modes of proceeding which are described by other statutes, with reference to particular suits. Our legislation allows of summary proceedings in many instances, against officers and their sureties, banks, &c.; and although these certainly are suits for the purpose of collecting money, yet there is no reason to suppose such are covered by the act. In proceedings by *sci. fa.* against bail, the statute provides, when the process is made known, "the bail shall be obliged to plead, and the issue shall be tried at the same term to which the process shall be

Walker v. Massey.

returnable." [Dig. 74, § 16.] And it is not probable the legislature intended to repeal this provision, any more than the summary proceedings directed by other statutes. In our judgment, the act of 1839, was intended to affect suits only in which, before its passage, a judgment final, by default, might have been taken, unless a defence was interposed, and an imparlance thus produced. Suits commenced by *sci. fa.* against bail, were not within this category, and therefore are not influenced by the statute.

2. It is urged against the affidavit for bail, that it is double, and also that it is in the alternative. It will be seen the averment is said to be distinctly made, that the debtor was about to abscond, and though this is coupled with other grounds for requiring bail, which are laid in the alternative, my own opinion is, that the defective averment will not vitiate that which is good. In Wade v. Judge, 5 Ala. Rep. 130, the affidavit was in the alternative, and for that reason considered to be defective. We do not consider the decision as going beyond this point, as that was the condition of the record. However this may be, the question is not involved here, because the affidavit is not set out by the pleader; that which is stated, is the indorsement by the clerk, of the order for bail, and we are satisfied the statement by him of what was sworn, can neither avail the defendants, or prejudice the plaintiff. The affidavit itself, not being before the court, the objection to it necessarily fails.

3. The principal objection to the bond is, that the condition is variant from that prescribed by the statute, and that it contains no recitals to indicate that it is a bail bond. The statute does not, as supposed by the counsel, direct the condition to be attached to the bond; it merely provides the sheriff shall take a bail bond with sufficient security, or securities, in the penalty of double the sum for which bail is required, by the indorsement on the writ, and this bond the sheriff is to return with the writ. [Dig. 72, § 10.] The mistake of counsel has arisen out of the fact that another part of the same statute permits the defendant from whom bail is required, to enter into a recognizance of special bail before a judge or justice, in which the condition is similar to that required from bail above, in the English courts. [Dig.

73, § 14.] Bail to the sheriff under our statute is very simi-
lar to that required by the act of 23 H. 6, c. 9, in England,
and we entertain no doubt the bond in this case, if tested by
that act, would be found sufficient. It is payable to the
sheriff, by his name of office; and is conditioned that the
principal shall appear at a particular term of the court to which
the writ is returnable, to answer the plaintiff in a plea of tres-
pass on the case. It is said, a mistake in the sum for which
bail is taken will not avoid the bond, nor will a misdescrip-
tion of the action. All that is essential under the English
statute is, that no other or more onerous condition than the
statute authorizes, shall be required. [Petersdorf on Bail,
206, 211.] It seems to be conceded, if the arrest of the debt-
or, under the writ, was recited, the bond would be strictly
formal. But when the sheriff has the process, an actual ar-
rest is not necessary. [Ib. 208.] And in an action of debt,
on a bail bond, it is unnecessary to state the arrest, or if stat-
ed, it is not traversable. [Tidd's Prac. 58.]

In whatever aspect we can look at the bond, there seems to
be no valid objection to it.

4. In Toulmin v. Barnett, 3 S. & P. 220, it was held to be
unnecessary to declare on *sci. fa.* against bail, if the pleader
inserts in his writ all that is necessary in a declaration. Here
the writ against the debtor is stated with the order for bail,
the bail bond is set out at length, with the averment that it
was returned by the sheriff with the writ, executed by the
defendants; the assignment is in the terms of the statute,
and the *ca. sa.* was issued and returned before the award of
the *sci. fa.* All this we think is sufficiently formal and reg-
ular; the only matter which is not precisely so, is the aver-
ment of the execution of the bond by the defendants; but
we think the averment "executed by the defendants," must
be considered, not as a part of the sheriff's return, but as the
assertion of the pleader, that when thus returned it had been
executed by them. See Embree v. Norris, 2 Ala. Rep. 271.

We are not able to come to the conclusion of error, and
therefore the judgment is affirmed.