## EDMONDSON v. MONTAGUE.

1. In a bill filed to obtain dower, the answer, when responsive to the bill, will prevail, unless countervailed by proof, as in any other case.

Edmondson v. Montague.

2. One who does not derive title by conveyance, directly or indirectly, from the husband of the demandant, or his heirs, is not estopped from denying the *seizin* of the husband.

3. One in possession of lands, and against whom dower is asserted by the widow, is not estopped from showing, that the equity of the husband was imperfect because a bond for title to the lands which was once held by the husband, has come to his possession.

4. Estoppels must bind both parties, or they bind neither; and when the defendant takes nothing by the husband's deed, he is not estopped from showing the truth, in answer to the claim for dower.

5. In equity, a party is not estopped by his acts, or admissions, except in cases where, in good conscience and honest dealing, he should not be permitted to gainsay them.

6. An equity is perfect when full payment has been made. The widow is not dowable of an imperfect equity. Whether she is dowable of a perfect equitable title, which the husband has transferred for a fair consideration, *quere?*

Error to the Chancery Court of Montgomery. Before the Hon. A. Crenshaw, Chancellor.

BILL by the plaintiff in error, for dower in certain lots in the city of Montgomery. The bill alledges, that the husband of complainant was, during the intermarriage, the owner in fee of the lots, by purchase from the Alabama company; that he paid for the same, and received bond for titles. That he afterwards sold and conveyed the lots to different purchasers, by whom they were subsequently sold, and conveyed to the defendant.

The answer denies that the husband paid for the lots, or was ever seized of such an estate as would entitle the complainant to dower. For further particulars, see the full detail of the facts in the opinion of the court.

The chancellor dismissed the bill, which is now assigned for error.

BELSER and T. & J. WILLIAMS, for the plaintiff in error.

1. The case made by the complainant entitles her to relief. On the facts disclosed, independent of the answer and defendant's proof, a court of equity would be bound to decree dower to her. She need not make out a regular chain of ti-

tle in her husband; it is sufficient for her to show, that he had been in possession during the coverture, and it is then incumbent on the defendant to prove a paramount title in himself. And where the complainant is not conversant of all the facts, the answer aids the bill. Wall v. Hill, 7 Dana, 173; Forest v. Trammell, 1 Bailey, 77; Reed v. Stevenson, 3 Richardson, 66; Jackson v. Waltermire, 5 Cowen, 301; Forest et al. v. Robinson, 2 Ala. 215; Powell et al. v. Powell, 10 Ib. 900; Connelly's adm'r v. Kavanaugh, 11 Ib. 169.

2. The defendant holds his title, under conveyances deduced from the husband of complainant, and is estopped from contradicting the seizin of the husband. Bancroft v. White, 1 Caine, 190; Nason v. Allen, 6 Greenl. 244; Kimball v. Kimball, 2 Ib. 226; Plant v. Paine, 2 Bailey, 319; 6 John. 290; 7 Ib. 281; 9 Ib. 344; Whetstone v. Middleton, 2 How. Miss. 697; 3 Ib. 360.

3. There was such a seizin in the husband as entitled complainant to dower, aside from the plea of estoppel. The lot No. 6, was transferred by complainant's husband to secure a debt due to third persons, and for lots No. 4 and 5, a direct conveyance was made by him to Lambert, under whom defendant holds title, which deed Lambert swears he lost. A widow in this State, is to be endowed of lands held by her husband, both under legal and equitable titles. Clay's Dig. 157, § 36; Ib. 172, § 3; Jackson v. Waltermire, 5 Cowen, 299; Coates v. Cheever, 1 Cowen, 463; Claiborne v. Herr, 3 Hen. & Mun. 322; Winn v. Elliott, Hardin, 487; McAr v. Porter, 1 Ohio, 44; Porter v. Noyes, 2 Greenl. 22; Yeo v. Mercereaux, 3 Harr. N. J. 389; Nance v. Hooper, 11 Ala. 556

4. If the complainant is entitled to dower, the following authorities prescribe the mode in which she is to be endowed. Barney v. Frowner and wife, 9 Ala. 901; Beavers et al. v. Smith, 11 Ala. 20; Dunseth v. Bank of U. S. 6 Ohio, 77; Powell v. B. Man. Co. 3 Mason, 347; Thompson v. Morrow, 5 Serg. & R. 289.

5. The parol evidence about conveyances and their contents must be excluded, unless where their absence is accounted for. The decrees and accompanying papers are not testimony against the complainant. Beall v. Dearing, 7 Ala.

Edmondson v. Montague.

124; Smith v. Armistead, Ib. 698; 8 Ohio, 412; 1 Ib. 46; 1 Wheat. 6.

6. The proof of the payment of the entire purchase money, or any portion of it, by either of the vendees of complainant's husband, or their assignees, is too uncertain in its character to sustain defendant's answer, and when this is cast aside, complainant's case is fully established by the pleadings, and other evidence. Brandon v. Cabiness, 10 Ala. 156; Andrews & Bros. v. Jones, Ib. 460.

7. Where the lien is discharged by a subsequent mortgage, the widow is entitled to dower. 1 Cowen, 463; 1 Ohio, 44; 2 How. Miss. 696-7; 4 Conn. 560.

ELMORE and SEMPLE, contra.

1. A party in equity can recover only on a perfect equitable title, as in law on a perfect legal title. That the husband or heirs, if claiming a deed, could only obtain one on showing a full compliance with the contract. And that the widow can be endowed of an equity only in the cases where a title can be compelled by husband or heirs. Gillespie v. Sommerville, 3 S. & P. 447; Lawson v. Morton, 6 Dana, 471; Brewer v. Van Arsdale, Id. 204; Dean v. Mitchell, 4 J. J. M. 451; Stevens v. Smith, Id. 66; Gr. G. R. R. Co. v. Bryan, 8 S. & Mar. 265, 278; Watts v. Lindsay's heirs, 7 Wheat. 161; Kirby v. Dalton et al. 1 Dev. Eq. 195; Davenport v. Farrar, 1 Scam. 316; Lewis et ux. v. Moorman, 7 Porter, 522; Routon v. Routon, 1 H. & Mun. 91; Wilkinson v. Davidson, 2 Rob. Va. 404.

2. Nor is the defendant estopped from proving that the husband of the demandant had no such interest as entitled her to dower, although he holds under the husband, nor are the recitals in the deeds to McGehee and Shick conclusive against him. Jewell v. Harrington, 19 Wend. 471; Gaunt v. Warman, 3 Bing. N. C. 69; Sherwood v. Vanderburgh, 2 Hill's N. Y. 302; Ostentrout v. Shoemaker, 3 Id. 513; Otis v. Parshley, 10 N. H. 403; Moore v. Estis, 5 N. H. 489; Welland C. Co. v. Hathaway, 8 Wendell, 480; Wall v. Hill, 7 Dana, 173; Jackson v. Waltermire, 5 Cowen, 301.

3. The widow must show her right by the same evidence the vendee or his heirs must produce to obtain title, and if

doubtful, it will not be allowed. Asbury v. Hawkins, 9 Dana, 181.

4. Nor does the evidence prove that Montague held under Edmundson. See Bibb's Testimony, 17, 18: Peters's Tes. 36; Lambert's Tes. 40. So contradictory and uncertain, that no conclusion can be drawn; and on such inconclusive and contradictory evidence, will Montague be estopped from proving the truth?

CHILTON, J.—We proceed at once to the investigation of the points involved in the merits of this controversy; as the preliminary questions raised upon the admissibility of the proof in the cause, let them be decided either way, do not in the slightest degree, affect the conclusion to which we have attained.

1. It is insisted for the plaintiff in error, that she is not bound to make out a regular chain of title; that having shown her husband in possession of the lots out of which she asks her dower may be assigned, she has thus cast the burthen of proof upon the defendant, of establishing a paramount title in himself. To solve this question, we must look to the pleadings in the cause.

The bill avers that the husband of the complainant was the owner of the lots. That he purchased them from the Alabama Company, and paid for the same, having taken the bonds of said company for titles, but she does not know whether he ever took any deed or other conveyance from them. Complainant then shows how the defendant acquired his title through several intermediate holders, from her husband, and calls upon him to discover the title and exhibit the conveyances, &c.

The answer denies the seizin of Edmundson the husband; admits that he held bonds for title, to be made when the purchase money was paid, but expressly denies that he ever paid any part of the purchase money, or that he ever had, or could have obtained any conveyance for said lots. This being the condition of the pleadings, it is too manifest to require argument, that the burthen of proof is upon the complainant, to make good the allegations of the bill, which are denied by responsive averments in the answer. In a bill for dower, as

in other cases, the answer, which is responsive to the bill, must prevail unless countervailed by proof. There is no proof of payment in this case by Edmundson, of any portion of the purchase money, for the lots in which dower is sought to be recovered. Indeed, the proof, if we allow it, pretty satisfactorily establishes that he did not complete the payment.

2. It is however insisted, that Montague, holding under Edmundson, and succeeding to all his rights, whether they be equitable or legal, is *estopped* from denying the seizin of the latter, so as to defeat the widow's right to dower. And we are referred to numerous authorities to sustain this position. These we have examined with care, and do not think the principle settled by them concludes the defendant in the present case.

In Bancroft v. White, the husband had conveyed in fee with a covenant of warranty, and the lands passed by subsequent conveyances to the defendant, who claimed in fee under the title thus derived from the demandant's husband. 1 Caine's R. 185.

So, in Nason v. Allen, 6 Greenl. R. 243, it was held the defendant, who claimed title as mortgagee under the demandant's husband, was estopped from denying his seizin. The same principle is affirmed in Hitchcock v. Harrington, 6 Johns. R. 290. In that case, the defendant claimed title by conveyance from the mortgagee as well as from the *heir* of the deceased husband. The husband died in possession without any entry or foreclosure by the mortgagee, and as the defendant derived and claimed title from the *heir*, and derived no title from the mortgagee, held he could not dispute the title of the ancestor. In Collins v. Torrey, 7 Johns. Rep. 277, which was an action of dower, *unde nihil habet*, it was held, the tenant, who derived title by mesne conveyance from the husband of demandant, could not dispute his title, nor set up a mortgage made by the husband to a third party, as a subsisting title, there having been no entry or foreclosure under it. To the same effect is Hitchcock v. Carpenter, 9 Johns. Rep. 344, where the tenant claimed under the *heirs* of the husband. In Wooldridge v. Wilkins, 3 How (Miss.) Rep. 360, the husband of demandant conveyed in fee, and

the defendants derived title through such conveyance. They were held estopped from denying the seizin of the demandant's husband.

In all these cases, it will be observed, the tenant claimed title by conveyance, either directly or remotely, from the husband of the demandant, or from his heirs. But in the case at bar, the defendant claims to have derived his title, not through Edmundson, but from the Alabama company. It is true, one of the witnesses, Lambert, states he purchased lots 4 and 5 from Edmundson, and received a conveyance, and that he afterwards sold and conveyed said lots *either to one Shick, or to the defendant, Montague,* and that the deed to him is lost. It is manifest, this proof is too vague and indefinite to become the foundation of an *estoppel.* We are left in doubt as to whether Shick or Montague purchased of the witness, and this matter the complainant should have made plain, as we have shown the burthen of proof was cast upon her.

The answer of the defendant denies that Edmundson purchased the lots No. 4 and 5 from the Alabama Company, or that he ever paid any thing for them, and avers that these lots were purchased by one Stone of said company, who received a bond, for title when the purchase money should be paid. That Stone transferred said bond to George W. B. Towns, who transferred to Edmundson, and that Edmundson transferred said bond to another person, *but on what consideration or contract, he has been unable to discover;* and that some subsequent purchaser paid the original purchase money. This discovery is called out by the bill—is in answer to it, and is, by the well settled rules of law, legal evidence. See Fenno v. Sayre & Converse, 3 Ala. Rep. 478, and authorities there cited.

We think it would be carrying the doctrine of *estoppel* to a very oppressive length to hold, that the defendant could not show that Edmundson's equity was imperfect, because he had held bonds for title to said lots, which afterwards came into defendant's hands. The bond conveyed no legal title of course, and whether it conferred a perfect equity, depended upon the fact whether full payment had been made. Chapman v. Glassell, at the last term. In this view of the case,

Edmondson v. Montague.

then, Edmondson had no title which defendant could dispute, and the defendant, in averring a want of title in him, does not contravene any recital contained in the bond.

But if we grant that a conveyance was made by Edmundson to Lambert, and that he conveyed to Montague, we are not even then prepared to hold that the defendant would not be permitted to show the true character of the title in Edmundson.

"An *estoppel*," says Lord Coke, "is where a man is concluded by his own act or acceptance to say the truth." Co. Litt. 352, a. We apprehend it may safely be laid down as a rule in equity, that a party shall never be held estopped by his acts or admissions, except in cases where, in good conscience and honest dealing, he should not be permitted to gainsay them. This doctrine of estoppel, which precludes an investigation of the facts, can hardly become favored in a court of equity. That court endeavors to grasp the substantial merits, and to administer justice according to the *truth of the case*. By the common law, while the parties to a deed of indenture were estopped by it, being considered the deed of both parties, as both sealed it, though in the words of but one, it was otherwise as to a patent or deed poll, being the act of but one party; for as to the latter, the estoppel is not mutual. Co. Litt. 363, b. And at this point, we apprehend, will be found a departure from the common law rule requiring mutuality in estoppels, by the numerous decisions which have been made in the American courts, applying the doctrine to cases of dower. What reciprocity is there between the widow, who claims by title paramount, and the purchaser from the husband? Could she not defeat the conveyance of her husband, by acquiring a title paramount to his vendee, and repudiating all claim for dower, hold the entire estate? Most undoubtedly she could. Upon what *principle*, then, shall the defendant, who takes nothing by the husband's deed to him, be required to shut his mouth when he would speak the truth in answer to her claim for dower?

In Gaunt v. Wainman, 3 Bing. N. C. 69, (S. C. 32 Eng. Com. L. Rep. 42) which was an application for dower, by the widow of a deceased bankrupt, whose assignees had con-

veyed the estate as freehold to the defendant, Tindal, C. J. said, "as between the parties to that deed, there may be an estoppel, but you set it up against a stranger to the deed." To this it was replied that the defendant, buying the property subject to dower, bought it in effect of the wife as well as of the husband; he is therefore estopped to turn round upon the party of whom he purchased. Per Tindal—"Suppose he had bought the property as leasehold, would the demandant be estopped to say that it was freehold?" It may be conceded she would not. It would not for a moment be contended, that a husband having a perfect title, and who cannot by any act of his deprive his wife of dower, by a mere recital in his conveyance that he had but an imperfect equity, bar her claim. If, then, she is not estopped in such case by her husband's deed, the vendee should not be estopped; for the well settled rule, acknowledged by all the courts, as well as the elementary writers, is, that estoppels must bind both parties, or they bind neither; hence a stranger cannot take advantage, or be bound by them. Co. Litt. 352, a; Comyn's Dig. Estoppel, C; 3 Johns. Cases, 101; 2 Johns. Rep. 382; 8 Watts & Serg. 135.

In 3 Hill, 519, Bronson, J. delivering the opinion of the court, says, "I have not forgotten the cases which hold that in dower the grantee of the husband is estopped to deny the grantor's title, but these cases are to be followed, because the rule has been so settled, and not because it rests on any sound principle." See also Sherwood v. Vanderburgh, 2 Hill's Rep. 303-9; and Jewell v. Harrington, 19 Wend. 472. In the former case, Cowan, J. admits the New York courts have probably misapplied the doctrine of estoppel to cases of dower.

We have thus particularly noticed this point, and the decisions upon it, that it may appear in departing from the current of authority, we are sustained by reason as well as by the common law; and we the more readily adopt our view, that the doctrine does not apply in cases of dower, as it can work no injury, and best accords with the proper administration of justice.

Having shown that the defendant is not estopped, and that we must regard the husband of complainant as having but

an imperfect equitable title in the lots, which he had disposed of during the coverture, we turn to the only remaining question, which is—

3. Is the widow dowable of such estate? Whether the widow is entitled, under our statute, to dower in an estate purely equitable, which the husband during coverture has transferred for a fair consideration, is a grave question, and one which we are not now called upon to decide; but whatever may be the law with respect to a *complete equity*, we think it clear, beyond all controversy, that the widow is not dowable in land where the heir could not have compelled a conveyance. In other words, she is not to be endowed of an imperfect equity. Such was the decision of this court, upon full consideration, in the case of Gillespie v. Sommerville, 3 Stew. & Por. 447, and which, so far as I am advised, has never been departed from. See Lewis v. Moorman, 7 Por. Rep. 522; Rodgers v. Rawlings, 8 Porter's Rep. 326. The authorities cited upon the brief of the counsel for the defendant in error, fully sustain this view. See also Davenport v. Farrar, Gale's Stat. 697; Trustees of Frazier v. Centre, 1 McCord's Chan. Rep. 279; Winn v. Elliot's widow, Hard. Rep. 482; Kirby v. Dalton, Dev. Eq. Rep. 195. In Wilson et al. v. Davidson, 2 Rob. Rep. 384, Baldwin, J. remarks, there is no longer any magic in the word *seizin*, by which the shadow may be made the substance, or the substance the shadow. A legal title in the husband is nothing as regards the wife's right of dower, unless accompanied by the beneficial ownership, and the beneficial ownership is every thing, though separated from the legal title, and he concludes there can be no beneficial ownership in opposition to a permanent incumbrance.

Upon a consideration of all the facts of this case, as they are presented by the record, we are fully convinced the decree of the chancellor denying to the widow dower, was correct. We think it may well be questioned whether if the widow, in a proceeeding at law, had succeeded upon the notion of a dry forbidding estoppel, in obtaining dower in the lots for which

her husband had paid none of the purchase money, and held bonds for title, a court of equity would not interfere to relieve the defendant, his vendee, who had perfected his title by paying the purchase money.    Fonb. Eq. 472, chap. 2, § 2; Stoughton v. Lynch, 2 Johns. C. Rep. 222.

Decree affirmed.