## EDMONDSON *vs.* WELSH AND WIFE.

[BILL IN EQUITY FOR ALLOTMENT OF DOWER.]

1. *What seizin of husband gives right to dower.*—To entitle the widow to dower in lands of which her husband was seized during the coverture, he must have been beneficially seized, though but for a moment, to his own use, and not as a mere conduit for passing the title.

2. *Admissibility of parol evidence to prove absolute deed a trust.*—It is the settled law of this State, that parol evidence is admissible to show that a deed, absolute on its face, was received in trust for a particular purpose, and that the vendee was a mere conduit for passing the title.

3. *Purchase by mortgagee at mortgage sale.*—If the mortgagee, through an agent, becomes himself the purchaser at the sale under the mortgage, the mortgagor may avoid the sale, but no other person can complain of it.

4. *Estoppel against denial of husband's seizin.*—Where the demandant's husband was the mere conduit for passing the title from his vendors as trustees back to them individually, a party deriving title from them is not estopped from showing that he had no beneficial seizin: his seizin is not thereby denied, but only explained.

5. *Evidence held sufficient to explain husband's seizin.*—The demandant's husband, on receiving a deed with covenants of warranty from the assignees of a mortgage, re-conveyed to them on the same day by quit-claim deed; and the subscribing witness to the deeds testified, that the husband purchased at the sale for the assignees, that no money passed between the parties, and that the transfer of deeds was intended to make good titles to the property: *Held,* that the evidence was sufficient to show that the husband had no beneficial seizin of the land.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, Mrs. Eliza Jane Edmondson, to enforce a claim to dower, as the widow of John Edmondson, deceased, in certain lots in the city of Montgomery, of which (as the bill alleged) said Edmondson was seized during the coverture, and which were in the defendants' possession at the filing of the bill. The bill and exhibits show that the lots were conveyed to Edmondson by Wilkinson & Hunt, by deed absolute on its face, with covenants of warranty, dated May 31, 1824; and that they were on the same day re-conveyed by Edmondson to Wilkinson & Hunt, by quit-claim deed. By a separate instrument attached to this quit-claim deed, Mrs. Edmondson released her right of dower in said lands to said Wilkinson & Hunt; and her relinquishment of dower was acknowledged, on private examination, before George H. Gibbs, clerk of the County Court of Montgomery. In relation to this relinquishment, however, the bill charges that it has no binding effect whatever, because the complainant was an infant at the time, and because the clerk of the County Court then had no authority to act in the premises.

The defendants answered the bill, and set up several distinct defences, of which it is only necessary to notice particularly that on which the case is here made to turn. They allege that Wilkinson & Hunt, who conveyed to Edmondson, were the assignees of a mortgage, with a power of sale, executed by one David A. Northrop; that the lots were sold under said mortgage, and were bid off by said Edmondson for said Wilkinson & Hunt; that Edmondson paid no money on his bid, but on the same day, on receiving the deed of Wilkinson & Hunt, and as part of the same transaction, re-conveyed them to said Winkinson & Hunt by quit-claim deed; that Edmondson never had actual possession of the lots, never received the rents and profits thereof, and never had any beneficial interest in them; and the defendants plead these matters in bar of the relief sought. To sustain this defence, the defendants took the deposition of Justus Wyman, who was the subscribing witness to the two deeds, and who states,

from his recollection of what passed between the parties at the time of their execution, that Wilkinson held a mortgage, or deed of trust, under which said lots were sold, and were bought in for him by Edmondson; that he saw no money, or other consideration, pass between the parties, and "that the transfer of deeds was to make good titles to the property."

On final hearing, on bill, answer, exhibits, and proof, the chancellor dismissed the bill; and his decree is now assigned for error.

THOMAS WILLIAMS, for the appellant, made these points:—

1. Where the husband is beneficially seized, though but for a moment, his widow is entitled to dower.—3 Bla. Com. 132; Cro. Eliz. 503; Cro. Car. 190; Hardin's R. 482.

2. To establish a right to dower, a widow is not bound to show a chain of title in her husband, but seizin and possession are sufficient.—7 Dana, 173; 3 Rich. 63; 5 Cowen, 301; 11 Ala. 169.

3. Parol evidence cannot be received to create a secret trust against the express words of a deed, absolute on its face, purporting to be for valuable consideration, and containing covenants of warranty of title.—Stevens v. Cooper, 1 Johns. Ch. 429; Leman v. Whitley, 4 English Ch. 423; Squire v. Harder, 1 Paige, 494.

4. But, if parol evidence is receivable, the evidence in this case is insufficient; a single witness testifying to his recollection of facts which occurred twenty-six years previously.—Freeman v. Baldwin, 13 Ala. 246.

5. As the defendants claim under Wilkinson & Hunt, who claimed under Edmondson, they are estopped from denying his seizin.—Wooldridge v. Wilkins, 3 How. (Miss.) R. 360; Whitehead v. Middleton, 2 ib. 692; Hitchcock v. Harrington, 6 Johns. 290; Collins v. Torry, 7 ib. 280; Hitchcock v. Carpenter, 9 ib. 344; Plantt v. Payne, 2 Bailey, 319; Nason v. Allen, 6 Greenl. 244; Kimball v. Kimball, 2 ib. 226; Bancroft v. White, 1 Caines, 190.

NAT. HARRIS, contra, contended, among other things,—

1. That Edmondson's seizin, being merely transitory and as trustee for Wilkinson & Hunt, was not sufficient to entitle his

widow to dower.—4 Kent's Com. 38; 1 Lomax's Digest, 86, § 18 ; 1 Cruise's Digest (by Greenleaf), pp. 171-2, and cases cited ; Eslava v. Lepretre, 21 Ala. 504 ; Francis v. Garrard, 18 *ib.* 794 ; Small v. Proctor, 15 Mass. 499; Bisland v. Hewett, 11 Sm. & Mar. 165; Maybury v. Brien, 15 Peters, 21.

2. Edmondson's purchase for Wilkinson & Hunt, at a sale made by themselves, was not void, but voidable only at the instance of the mortgagor, and valid as to all other persons. Scott v. Freeland, 7 Sm. & Mar. 409; Bland v. Muncaster, 24 Miss. 68.

CHILTON, C. J.—1. It is well settled that, to entitle the wife to dower, the husband must have been beneficially seized to his own use, during the coverture, of the land out of which it is claimed. If it be so vested but for a moment, provided the husband is not the mere conduit for passing the title, the right of dower attaches.—4 Kent's Com. 37-8, (ed. 1854); Eslava v. Lepretre, 21 Ala. 504 ; 1 Greenl. Cruise, 171-2, and notes.

2. It is also the settled law in this State, whatever it may be held elsewhere, that parol evidence is admissible to show the fraudulent use of a deed, or that a party receiving an absolute deed received it in trust for a particular purpose. The case of Kennedy's Heirs & Executors v. Kennedy's Heirs, 2 Ala. 271, is full to this point, and fully justifies the defendants in this case in proving that Edmondson was the mere conduit to pass the title of Wilkinson & Hunt, as trustees, back to them as individuals.

3. The deed to Edmondson was not void, but voidable at the election of the mortgagor. As he does not complain, it is not for any one else to set up that he is injured by reason of the trustees or mortgagees buying thus indirectly at their own sale.—See Cunningham's Adm'r v. Rodgers, 19 Ala. 149; Saltmarsh v. Beene, 4 Port. 283; 5 Vesey, 678.

4. The doctrine of estoppel does not apply in the case before us. If the husband was the mere conduit to pass the title, as we have above stated, he had no such seizin as entitles his widow to dower. The estate in him is in the same category as if it had vested in and out of him at the same instant; as in case of a sale and mortgage back, or where he

merely executes a power of appointment. In short, when it is shown that, although the husband was seized, it was not beneficially, but as a naked trustee, the right to dower does not attach. The seizin, therefore, is not denied, but is so explained as to defeat the wife's claim.—See, as to estoppel in cases of dower, Edmondson v. Montague, 14 Ala. 370.

5. The proof of Justus Wyman (leaving out that portion of it objected to), he being a subscribing witness to the deeds from Wilkinson & Hunt to the demandant's husband, and from him back to them,—coupled with the fact that those deeds bear even date, and the surrounding circumstances, as also with the further fact that the conveyance from Edmondson to them is but a quit-claim,—very satisfactorily shows that Edmondson had no beneficial interest in the land—that he was a naked trustee, or mere conduit to pass the title to Wilkinson & Hunt.

Entertaining these views, it is unnecessary that we notice the other questions presented in the argument.

Decree affirmed.