## VERY *v.* RUSSELL.

An express stipulation inserted in a mortgage of real estate, that the mortgagee may sell the premises on failure of performance of the condition by the mortgagor, is a valid grant of a power of sale; and a sale fairly made in pursuance of such power will be upheld.

In such a case the mortgagee cannot be a purchaser at the sale.

A *bona fide* purchaser, without notice actual or constructive, will be confirmed in his title, notwithstanding the equities arising from notice, which affected the title in the hands of the person from whom he derived it.

TRESPASS *qu. cl.* The parties agreed upon the following facts for the opinion of the court:

October 29, 1863, the plaintiff, being the owner of the *locus in quo*, made a mortgage thereof to one Cole, in which her husband joined, to secure a note for $1,000. Immediately succeeding the condition in the mortgage was the following: "And it is agreed that on failure of performance of said condition, the said John Cole may advertise said mortgaged premises for sale, by publication of notice in some newspaper printed at Keene, in said county, three

weeks successively before such sale, and may sell the same at public auction to the highest bidder; and his deed thereof, in pursuance of such sale, shall convey to the purchaser an indefeasible title to the same, discharged of all rights of redemption by the mortgagors or any person claiming under them. And the mortgagee shall apply the proceeds of said sale in payment of said mortgage debt, and pay over the balance, if any, to the mortgagors, after deducting the expense of notice and sale."

Payment not being made according to the condition of the mortgage, Cole caused the premises to be advertised and sold in accordance with the above stipulation in the mortgage. The sum for which the premises sold was less than the amount then due on the mortgage. One Shaw, the agent and attorney of Cole, bid off the premises at the auction, but he was, in fact, acting for Cole in the business. Afterwards, Cole, by quitclaim deed, conveyed the premises to Shaw, and Shaw thereupon, for a valuable consideration, conveyed them to the defendant. The defendant subsequently went upon the land and cut wood and timber, for which acts this suit is brought.

*E. L. Cushing*, for the plaintiff. The mortgaged property was bought by the person employed to sell, and the sale may for that reason be avoided by the plaintiff, or her personal representative, she being dead. *Sparhawk* v. *Allen*, 21 N. H. 9; *Ex parte James*, 8 Ves. 337. It does not appear that Cole was ever in possession. His quitclaim deed, there being no transfer of the mortgage debt, conveyed no interest or right to the purchaser. *Furbush* v. *Goodwin*, 25 N. H. 425, 450, 455; *Dearborn* v. *Taylor*, 18 N. H. 153; *Hobson* v. *Roles*, 20 N. H. 41; *Bell* v. *Morse*, 6 N. H. 205.

*Wheeler & Faulkner*, for the defendant. 1. A power of sale like that contained in this mortgage, though not usual in this state, is not forbidden by any statute, and is recognized as legal and irrevocable, and a sale made under it is valid everywhere, so far as we can ascertain. 1 Wash. R. P. 498.

If it should be held that the sale to Shaw was invalid by reason of his acting in behalf of Cole, still the defendant is to be regarded as in the position of a mortgagee in possession, and this action cannot be maintained.

3. The mortgagor having taken no steps to redeem, or to vacate the sale, cannot, after the lapse of years when the rights of a *bona fide* purchaser have intervened, be heard to call in question the proceedings in this way.

FOSTER, J. The defendant claims title to the premises and property, which are the subject of the alleged trespass, by virtue of a valid execution of the power of sale contained in the plaintiff's mortgage to Cole.

The validity of such powers is very generally, if not universally, recognized and declared by the text writers on both sides of the Atlantic, who adduce abundant authorities in support of their propositions. The doctrine seems to rest upon a principle no less broad and fundamental than the right of parties to make for themselves such legal contracts as they choose. 1 Wash. R. P. 498, and cases cited.

In *Bell* v. *Twilight*, 22 N. H. 500, 515, *Perley*, J., says,—" It may admit of doubt whether such powers to sell, granted in mortgages, are valid under our statutes, which define and fix the right of redemption, and provide easy and prompt methods of foreclosure." But we are unable to see upon what ground, in the absence of legislative prohibition, the court can put a restriction upon the freedom of the citizen to contract for the sale of his land, upon terms and in a mode stipulated in a mortgage, any more than upon his liberty to contract for its sale in any other way, or by stipulations contained in any other instrument.

The validity of such a power has been very generally affirmed in the other states of the Union. It is recognized in every other New England state, although in no one of them is it declared by express statute. Rhode Island and Massachusetts make statutory recognition of it, the latter by prescribing regulations for the proceedings at such sale, and the former by declaring that at an auction sale under a power contained in the mortgage the mortgagee may himself be the purchaser. Maine, Vermont, Massachusetts, and Connecticut, like our own state, have each provided other statutory methods of foreclosure, thus in effect declaring that those other methods are not provided and intended as a repeal or abrogation of the common law in this respect. See *Kinsley* v. *Ames*, 2 Met. 29; *White* v. *Brown*, 2 Cush. 412; *Roarty* v. *Mitchell*, 7 Gray 243; *Capron* v. *Attleborough Bank*, 11 Gray 492; *Smith* v. *Provin*, 4 Allen 518; *Montague* v. *Dawes*, 12 Allen 397; *Wing* v. *Cooper*, 37 Vt. 183; *Walthall* v. *Rives*, 34 Ala. 91; *Simson* v. *Eckstein*, 22 Cal. 590; *Mitchell* v. *Bogan*, 11 Rich. 686; *Bradley* v. *Chester Valley R. R. Co.*, 36 Pa. St. 141; *Hyman* v. *Devereaux*, 63 N. C. 624; *Bloom* v. *Van Rensselaer*, 15 Ill. 503.

Doubtless the power ought not to be recognized in any case, unless it is conveyed by an express grant and in clear and explicit language; and its execution should be jealously watched and declared void for the slightest unfairness or excess, or for anything that prevents competition. But the legal power of the parties to make such a contract must, we think, be upheld; and when, in carrying it out, the above essential conditions are fairly fulfilled, the sale must be held to divest the mortgagee of all his rights in the premises.

Was the execution of the power in this case legal and effectual? We think not, for the reason that the mortgagee, through Shaw, was the purchaser at the sale. The cases are numerous where it

is held that if a person intrusted to sell property shall, directly or indirectly, become himself the purchaser, the sale is, *ipso facto*, so far a fraud that any one interested in it as *cestui que trust* may avoid it at his election.    It is said that if the mortgage contains a power of sale, the mortgagee becomes a *quasi* trustee for the mortgagor, and he cannot purchase, or if he does he becomes a constructive trustee. ` Per. Tr., *s.* 199 ; 1 Wash. R. P. 500 ; Snell Eq. 379.    Such seems to be the weight of authority, though it has been held in some cases that such sale can only be impeached by showing actual fraud.    *Richards* v. *Holmes*, 18 How. 143, is such a case ;—and see *Lyon* v. *Jones*, 6 Humph. 533 ; *Edmondson* v. *Welsh*, 27 Ala. 578 ; *Benham* v. *Rowe*, 2 Cal. 387 ; *Roberts* v. *Fleming*, 53 Ill. 196 ; *Griffin* v. *Marine Co.*, 52 Ill. 130.

We think it would be dangerous, even when no actual fraud is shown, to hold the sale valid in such cases, and that the safer course is to discourage every appearance or suspicion of fraud by adopting strictly the rule as above expressed, that a purchase of the mortgaged estate by the mortgagee must, as to the mortgagor, be regarded as *ipso facto* fraudulent and void.

The defendant claims that in case the sale should be held invalid as between mortgagor and mortgagee, his situation then becomes that of a mortgagee in possession, and therefore that this action of trespass will not be against him for acts done on the premises while so in possession.    This position cannot be sustained.    The quitclaim deed from Cole to Shaw passed no interest in the mortgage or in the land, because there was no transfer of the debt secured by the mortgage.

There is another ground, however, upon which the defendant's title must be upheld.    So far as the case shows, he stands in the position of an innocent purchaser for value, with no notice or knowledge of the fault in the sale, and nothing to put him upon inquiry.    That being so, it is a well and long established rule, that he is to be protected in his title according to the legal interpretation of the instrument of conveyance by which he holds.    *Harrison* v. *Forth*, 1 Eq. Cas. Abr., Notice, A, 6, *p.* 331, A. D. 1695.    Or, as Judge Story expresses it, " If a person who has notice sells to another who has no notice, and is a *bona fide* purchaser for a valuable consideration, the latter may protect his title, although it was affected with the equity arising from notice in the hands of the person from whom he derived it."    2 Sto. Eq. Jur., *s.* 1502 ; Snell Eq. 66 ; Sm. Eq. 17 ; 2 Sug. Vend. (8th Am. ed.) 753, and note *g ;* 2 Dan. Ch. 773 ; Ad. Eq. 37, 273 ; Hill. Vend. 408 ; 4 Kent Com. 179 ; 1 Par. N. & Bills 216 ; 2 ditto 26 ; Sto. Pr. Notes, *s.* 191 ; *Smith* v. *Hiscock*, 14 Me. 449 ; *Hascall* v. *Whitmore*, 19 Me. 102 ; *Piper* v. *Hilliard*, 52 N. H. 209, 211 ; *Hood* v. *Fahnestock*, 8 Watts 489 ; *Atwater* v. *Seymour*, Bray. 209 ; *Stevens* v. *Morse*, 47 N. H. 532, 537.

The application of this doctrine to the relief of the defendant is

not likely to work any serious hardship to the plaintiff. The pur-chase-money derived from the auction sale is an extinguishment *pro tanto* of the plaintiff's indebtedness to Cole. If the property sold for its fair value, and the sale was made without actual fraud, the plaintiff has not been wronged. If she has been in fact de-frauded by Cole, she has her remedy against him in an action for the damages occasioned by the fraud. And even if she should fail in that remedy by reason of the inability of Cole to respond in damages, it would seem that she should suffer the loss rather than the defendant who is equally innocent, because, by granting to Cole the right to sell, she put it in his power to work the injury through the execution of that power.

*Case discharged.*